**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| ELISEO MACIEL, ADC #148879 | PLAINTIFF |
| v.   NO. 5:13CV00152 JLH/JTR | |
| MCAFEE, Captain, Tucker Unit, ADC, *et al.* | DEFENDANTS |

**OPINION AND ORDER**

Eliseo Maciel is a prisoner in the Tucker Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 complaint alleging that defendants violated his constitutional rights. For the following reasons, the complaint will be dismissed without prejudice for failing to state a claim upon which relief may be granted.

**I.  Discussion**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious, (b) fail to state a claim upon which relief may be granted, or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Maciel alleges that in August of 2012, he and approximately 350 other inmates at the Tucker Unit contracted food poisoning after eating spoiled chicken salad. *See* Document #2. Maciel concedes that he was given medical treatment for that illness. He contends, however, that

defendants' failure to take adequate measures to prevent him from eating contaminated food constituted a violation of his constitutional rights.

To plead such a claim sufficiently, Maciel must allege facts suggesting that defendants were deliberately indifferent to a substantial risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 838-40, 114 S. Ct. 1970, 1979-80, 128 L. Ed. 2d 811 (1994); *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010). In this respect, deliberate indifference, which is a higher standard than mere negligence, is defined as a "reckless disregard of the known risk." *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011); *Reyolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Based on this legal standard, several courts have held that a single incident of food poisoning or contamination does not rise to the level of a constitutional violation. *See, e.g., Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1998) (same); *Tucker v. Metts,* No. 2:10–1316, 2011 WL 1085031, at *4 (D.S.C. Feb.17, 2011) ("[T]he law is clear that a single incidence of unintended food poisoning is not a constitutional violation."); *Huff v. Steed,* No. 6:07CV06013, 2007 WL 4181820, at *10 (W.D. Ark. Nov. 21, 2007) (finding that a single incident of rodent droppings in a prisoner's food did not constitute a constitutional violation); *Danneman v. Schoemehl*, 601 F. Supp. 1017, 1018 (E.D. Mo. 1985) (concluding that an isolated instance of finding insects in a prisoner's food "does not rise to the level of a constitutional violation").

Maciel has not pled any facts suggesting that this was more than an isolated incident at the Tucker Unit or that defendants otherwise recklessly disregarded a known risk that he would contract food poisoning. Thus, he has failed to state a viable § 1983 claim. *See Kimble v. Williams*,

No. 5:12CV00377 DPM/BD, slip op. at 4-5 (E.D. Ark. Dec. 21, 2012) (docket entry #4) (concluding that a prisoner, who also contracted food poisoning during the August 2012 incident at the Tucker Unit, failed to state a claim upon which relief may be granted).

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Pursuant to 28 U.S.C. § 1915A, this case is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief maybe granted.

2. Dismissal constitutes a "STRIKE" as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 6th day of June, 2013.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE